UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　　Defendant. | CASE NO. 3:24-cv-05129-TMC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 4, 2024 |

This matter is before the Court on referral of Plaintiff Barbara Stuart Robinson's Motions to Proceed *In Forma Pauperis* ("IFP") and her proposed Amended Complaint. *See* Dkts. 1, 7, 13; *see also* Amended General Order 11-22. Plaintiff proceeds *pro se*.

For the reasons set forth below, the Court concludes that Plaintiff's proposed Amended Complaint fails to state a claim upon which relief can be granted. The Court previously offered Plaintiff an opportunity to amend her Complaint, and the amendment has proven to be futile. *See* Dkt. 4. Therefore, the Court declines to offer Plaintiff another opportunity to amend. The Court recommends the IFP Motions (Dkts. 1, 7) be **DENIED**, that this matter be **DISMISSED without prejudice**, and that the case be **CLOSED**.

REPORT AND RECOMMENDATION - 1

## I.    BACKGROUND

Plaintiff initiated this matter on February 16, 2024, and seeks to proceed IFP. *See* Dkts. 1, 7. On March 18, 2024, after reviewing Plaintiff's proposed Complaint and identifying certain deficiencies therein, the Court granted Plaintiff leave to amend her proposed Complaint and re-noted the IFP Application to April 17, 2024. *See* Dkt. 4.

On March 20, 2024, Plaintiff appealed the Court's screening Order and requested that the District Court stay the case pending the Ninth Circuit's determination of her appeal. Dkts. 5, 6. On April 26, 2024, the District Court granted Plaintiff's Motion to Stay. Dkt. 11. On April 29, 2024, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. *See* Dkt. 12. On that same day, Plaintiff filed a proposed Amended Complaint. Dkt. 13.

The District Court issued a Minute Order lifting the stay of this case on May 17, 2024. Dkt. 14. Thus, the Court now screens Plaintiff's proposed Amended Complaint. Dkt. 13.

## II.    DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**A.      Allegations in the Proposed Amended Complaint**

In the proposed Amended Complaint, Plaintiff alleges the State of Washington violated her constitutional rights, including her right to equal protection, when it established a commission on Hispanic affairs, but did not also establish a commission on African American affairs with similar provisions. Dkt. 13. Plaintiff seeks damages for emotional distress, mental anguish, stress, suffering, intentional infliction of emotional distress, discrimination, deprivation of rights, loss of rights, privileges and immunities, and court fees and costs. *Id*. at 5.

**B.      Analysis of Plaintiff's Claims**

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Here, in the proposed Amended Complaint, Plaintiff, an African American, alleges she was denied equal protection of the laws when the State of Washington formed a commission on Hispanic affairs ("Commission"), but failed to form a commission on African American affairs with similar provisions. Dkt. 13.

REPORT AND RECOMMENDATION - 3

1     More specifically, Plaintiff takes issue with the Commission's provision relating to the deletion of one's identifying details in public records for purposes of personal privacy, and claims this provision discriminates against her, who is not Hispanic, because she cannot use it, presumably to delete her own identifying details in public records. *See* Dkt. 13 at 3–5. However, Plaintiff does not provide sufficient factual allegations supporting a violation of equal protection or other civil rights.

    "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation and internal quotation marks omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted).

    Furthermore, "[w]here . . . state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a 'class of one' equal protection claim by demonstrating that it 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

    Here, Plaintiff alleges that the State of Washington, by virtue of creating a commission on Hispanic affairs, has discriminated against her based on her race. Dkt. 13. However, Plaintiff alleges no facts suggesting Defendant engaged in the conduct at issue based on her race. Furthermore, Plaintiff has not alleged that Defendant intentionally treated her differently from

similarly situated individuals and that there was no rational basis for the different treatment. In short, because Plaintiff's allegations of discrimination are conclusory, she has failed to state a facially plausible equal protection claim.

In sum, Plaintiff has failed to provide clarity regarding the nature of her claims sufficient to show what happened, when it happened, who was involved, and how those acts violated her rights. As such, Plaintiff has not stated a short and plain statement of a claim showing she is entitled to relief. *See Iqbal*, 556 U.S. at 678 (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Twombly,* 550 U.S. at 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

Moreover, the Court notes that Plaintiff names only the State of Washington as Defendant. Dkt. 13. States are not "persons" under 42 U.S.C. § 1983. *See Pittman v. Oregon, Emp. Dep't*, 509 F.3d 1065, 1072 (9 Cir. 2007) (citations omitted). Therefore, § 1983 actions do not lie against states. *See Arizonans for Off. Eng. V. Arizona*, 520 U.S. 43, 69 (1997) (citation omitted). Furthermore, "States, state agencies, and state officers sued in their official capacities are absolutely immune from damage actions in federal court pursuant to the Eleventh Amendment, unless the state consents to suit." *Lojas v. Washington*, No. CV-07-0140-LJQ, 2008 WL 1837337, at *7 (E.D. Wash. Apr. 22, 2008); *see also Hanson v. Wash. State Patrol*, No. 13-cv-0166-TOR, 2013 WL 4518594, at *2 (E.D. Wash. Aug. 26, 2013). And the State of Washington has not waived this "immunity in the federal courts." *Hanson*, 2013 WL 4518594, at *2 (citations omitted). Therefore, the State of Washington is an improper defendant. Any claims against it are not viable.

REPORT AND RECOMMENDATION - 5

C.      **Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Although Plaintiff has been previously placed on notice about the deficiencies contained within her proposed Complaint (Dkt. 1-1), she has failed to cure the deficiencies with the filing of her proposed Amended Complaint (Dkt. 13). Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### III.      CONCLUSION

The Court finds Plaintiff has failed to state a claim upon which relief can be granted despite being notified of the deficiencies of the Complaint. Therefore, the Court recommends the case be **DISMISSED** for failure to state a claim and additional leave to amend not be given. As the Court finds Plaintiff has failed to state a claim, the Court recommends Plaintiff's IFP Motions (Dkts. 1, 7) be **DENIED** and this case be **CLOSED**. Based on the foregoing, the Court also recommends Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (Dkt. 8) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on June 4, 2024, as noted in the caption.

Dated this 21st day of May, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7